**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| M.B., *et al.*,<br>Plaintiffs,<br>vs.<br>Clark County School District,<br>Defendant. | Case No. 2:26-cv-01949-GMN-MDC<br><br>**ORDER DENYING AND STRIKING SEALED MOTIONS WITHOUT PREJUDICE (ECF NOS. 3, 4)** |

Plaintiffs filed a *Sealed Motion for Protective Order* ("Sealed Protective Motion") (ECF No. 3) and *Sealed Motion to Appoint Guardian ad Litem* ("Sealed Guardian Motion") (ECF No. 4) (collectively "Sealed Motions"). The Court **DENIES** the Sealed Motions without prejudice and directs the Clerk of Court to **STRIKE** them from the docket for the reasons below.

This is an action appealing an administrative decision under the Individuals with Disabilities Education Act and other related laws. *ECF No. 1*. Plaintiffs are M.B., a minor child, and M.B.'s parent. In the Sealed Protective Motion, plaintiffs request to have M.B.'s parent proceed pseudonymously under the parent's initials and to seal documents that contain plaintiffs' personal identifying information. In the Sealed Guardian Motion, plaintiffs request to have M.B.'s parent be appointed guardian ad litem for M.B.

However, plaintiffs did not file any corresponding motions to seal required under LR IA 10-5(a) nor any concurrent unsealed versions of the Sealed Motions. Moreover, plaintiffs provided no certificate of service or other proof that they served the Sealed Motions to defendant. Therefore, the Sealed Motions are impermissible *ex parte* communications with the Court and are therefore denied without

prejudice.[1] The Court also uses its inherent authority to direct the Clerk of Court to strike the Sealed Motions from the docket. *See Spurlock v. F.B.I.*, 69 F.3d 1010, 1016 (9th Cir. 1995) (the district court has inherent authority to strike improper filings "to promulgate and enforce rules for the management of litigation").

If plaintiffs seek to refile the motions, they must follow the procedures set forth in LR IA 10-5 regarding filing sealed documents. Plaintiff must also concurrently file non-sealed redacted versions of the motions on the docket, and serve both the sealed and non-sealed versions to defendant. If plaintiffs seek to refile the motions *ex parte*, they must file an affidavit showing that good cause exists to not serve defendants as required by LR IA 10-5(c)(ii).

Moreover, plaintiffs have leave to file a motion to seal regarding the civil cover sheet in this case by **October 1, 2026**. The civil cover sheet shall remain provisionally sealed pending ruling of plaintiff's refiled motion to seal if one is filed by the Court's deadline. If plaintiff does not refile a motion to seal by the Court's deadline, the civil cover sheet shall be unsealed.

Accordingly,

**IT IS SO ORDERED** that:

1. Plaintiff's *Sealed Motion for Protective Order* (ECF No. 3) and *Sealed Motion to Appoint Guardian ad Litem* (ECF No. 4) are **DENIED** without prejudice. The Clerk of Court is also kindly directed to **STRIKE** the Sealed Motions from the docket.
2. If plaintiffs seek to refile the motions, they must follow the procedures laid out in this Order and LR IA 10-5.

---

[1] Plaintiffs briefly argue that the Sealed Protective Motion and civil cover sheet should be sealed because they identify M.B.'s parent by name. However, they identify no legal authority that justifies filing the Sealed Motions *ex parte* without giving defendant a chance to respond. *See* LR IA 7-2(b) ("An ex parte motion or application must articulate the rule that permits ex parte filing and explain why it is filed on an ex parte basis.").

3. Plaintiffs have leave to file a motion to seal regarding the civil cover sheet in this case by **October 1, 2026**. The civil cover sheet shall remain provisionally sealed pending ruling of plaintiff's refiled motion to seal if one is filed by the Court's deadline. If plaintiff does not timely refile a motion to seal, the civil cover sheet shall be unsealed.

DATED: September 1, 2026.

IT IS SO ORDERED.

Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**